FREDERICK SCHNEIDER, APPELLEE, V. JOSEPH C. REEVES, APPELLANT.

FILED SEPTEMBER 20, 1915.   No. 18173.

Landlord and Tenant: LEASE: BREACH: DAMAGES. Upon a breach on the part of the lessor of real estate of a condition in a lease, whereby the lessee suffers partial disturbance and interruption of the quiet enjoyment of the demised premises, the lessee is entitled to recover such damages as are the natural and direct consequence of such breach.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

'B. N. *Robertson,* for appellant.

*McKenzie & Cox,* contra.

MORRISSEY, C. J.

Defendant, Reeves, was the owner of farm lands in Douglas county, and it is alleged that, on or about March 1, 1911, he made an oral lease to certain of these lands to plaintiff. The lands thus leased lay away from the public highway, and the only means of ingress or egress was over other land owned by defendant. It is alleged that defendant in making the lease agreed to furnish plaintiff the use of a private roadway leading from the land so leased to the public highway. Plaintiff had leased these same premises from defendant before, and for several years had been in their possession and used this way across the other land of the defendant. The lands so crossed were leased by defendant to plaintiff's brother, Herman. During the summer of 1911 the brothers quarreled, and Herman so obstructed this road or way that plaintiff was deprived of its use from July 2 to August 9. He brought this action against the landlord, alleging a breach of his contract to keep the way open, and alleged that, in order to obtain access to the public highway, he was compelled to travel over another route; that he was engaged in farm-

ing other lands, and that because this road was closed he was obliged to travel an additional 18 miles daily to reach the other land which he was then farming and cultivating; and that he otherwise suffered damages; and he prayed judgment in the sum of $1,000.

Defendant admitted leasing the premises occupied by plaintiff, and that there was a roadway, such as alleged, by which the land was reached, but alleged that, in March, 1911, he leased the land over which this roadway ran to Herman Schneider, a brother of plaintiff, and that Herman went into possession and has since had the sole and exclusive possession thereof, and was in the possession at the time of the obstruction of the road; that the road is guarded by gates; and that plaintiff failed to properly close the gates when going through; and denied all other allegations of the petition. There was a trial to a jury, with a verdict in favor of plaintiff for $150, and defendant has appealed.

The errors complained of relate to instructions given by the trial court. The first told the jury that if they found plaintiff had a lease over this right of way, it was the duty of defendant to keep it open so that plaintiff could pass over it; and, if he did not keep it open and in such condition that plaintiff could pass over it, the verdict should be for plaintiff. If the defendant had leased the land over which the right of way was laid to Herman, and had expressly reserved in the lease the right of plaintiff to use the way, and Herman, without the knowledge or consent of the defendant, had quarreled with the plaintiff and prevented his using the way, defendant would not be liable for the conduct of Herman. The answer, however, admits that defendant leased the land to Herman, without any allegation that he reserved or mentioned the plaintiff's right of way. Herman, then, as against the defendant, was entitled to the land without any right of way across it, and it was defendant's own fault that the trouble arose between Herman and the plaintiff.

The next instruction complained of relates to the opening and closing of the gates mentioned in defendant's an-

swer, and, when read in connection with the pleadings and the evidence, it cannot be said that defendant was prejudiced by this instruction. Perhaps it might have been omitted altogether, but, if it was erroneously given, it was error without prejudice to the defendant.

Finally, complaint is made of the measure of damages. Defendant, in briefing the case, has sought to avoid liability by pointing out that, whatever the disturbance of plaintiff's use of this roadway, defendant was not liable because the obstruction was placed by the tenant, Herman Schneider; but by his answer he alleges that he leased these premises to Herman Schneider and put him in possession. It follows, then, that if plaintiff has proved the allegations of his petition, which were that he had a lease for the use of this roadway, defendant must be responsible for the breach of his contract with plaintiff, who was entitled to its quiet enjoyment, as well as the other ground leased.

Jones, Landlord and Tenant, sec. 369, says: "In a case of partial disturbance and interruption, the law fixes no precise rule of damages." This is a case of partial disturbance and interruption of the quiet enjoyment of the demised premises. "The tenant may recover as special damages any expenses he may have been put to which were the natural and direct consequences of the breach of the covenant of quiet enjoyment. * * * Where the premises were occupied by him as grazing land for his cattle, he may recover as special damages the cost and expense of keeping his cattle on common land while diligently seeking to lease new pasture for them." 2 Underhill, Landlord and Tenant, sec. 432. The court allowed plaintiff to recover for the necessary extra time spent in going the long way from the premises he occupied to the premises he was farming, and for the loss of the use of the pasture on the other farm he had leased during the time this road was closed. No complaint is made of the amount of the recovery, or the insufficiency of the evidence to sustain the verdict.

Taking the case as it stands, we find no error, and the judgment of the district court is

AFFIRMED.

Rose, Fawcett and Hamer, JJ., not sitting.